United States District Court
Southern District of Texas

**ENTERED**

December 29, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **ELIUD LUVIANO PANIAGUA,** | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 5:25-CV-188** |
| | § | |
| **KRISTI NOEM, ET AL.,** | § | |
| Respondents. | § | |

### ORDER

On December 12, 2025, the Court granted in part and denied in part Petitioner's petition for a writ of habeas corpus. (Dkt. No. 25). The Court ordered Respondents to release Petitioner unless he was provided with a bond hearing no later than December 22, 2025. (*Id.* at 11). According to Respondents' Status Update, (Dkt. No. 27), Petitioner's bond hearing was held on December 17, 2025, and an Immigration Judge denied Petitioner bond. (*Id.* at 1; Dkt. No. 27-1 at 1).

The only remaining relief sought in the petition that the Court has not addressed is the request for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. However, the Fifth Circuit has held that fees under the EAJA are not authorized for Section 2241 habeas petitions because habeas proceedings are not purely civil actions. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *see also Puertas Mendoza v. Bondi*, No. 5:25-CV-1453, 2025 WL 3142089, at *5 (W.D. Tex. Oct. 22, 2025) (denying request for fees under the EAJA in immigration habeas corpus proceedings). Because this relief is not authorized by statute, Petitioner's request is **DENIED**.

Accordingly, it appears that there are no live disputes remaining in this case. The parties are **ORDERED** to file a joint advisory addressing how they would like the Court to proceed **by January 14, 2026**. Alternatively, the parties may file a Federal Rule of Civil Procedure 41(a)(1)(A)(ii) joint dismissal by that date.

It is so **ORDERED**.

**SIGNED** on December 29, 2025.

John A. Kazen
United States District Judge